UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

OSCAR ESPINOZA,

     Plaintiff,

vs.

JOHN BEAN TECHNOLOGIES CORPORATION,
D/B/A JBT AEROTECH, JETWAY SYSTEMS[1],
a foreign corporation,

     Defendant.

_____ /

## NOTICE OF REMOVAL

     Defendant, JOHN BEAN TECHNOLOGIES CORPORATION, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the U.S. District Court for the Southern District of Florida, Miami Division. The removal of this action is based upon the following:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

     1.    On or about June 28, 2019, Plaintiff filed a civil action against Defendant in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *OSCAR ESPINOZA v. JOHN BEAN TECHNOLOGIES CORPORATION D/B/A JBT AEROTECH, JETWAY SYSTEMS*[2], bearing Case No. 2019-019473-CA-01 ("Circuit Court Action").

     2.    Plaintiff's Complaint in the Circuit Court Action contains claims for age discrimination in violation of the Florida Civil Rights Act, Fla. Stat. §760 and Miami-Dade

---

[1] Incorrectly named as JBT Aerotech, Jetway Systems.  The correct name is JBT Aerotech, Airport Services.
[2] *See* footnote 1.

1

County Code §§ 11A-26 *et seq.*  A true and correct copy of all papers currently on file with the state court is attached hereto as Exhibit "A."

3.      Defendant was served with a copy of the Summons and Complaint on July 11, 2019.  Thus, the notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Defendant was served with Plaintiff's Complaint.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. § 1441 and 1446.  More specifically, this is an action between citizens of different states, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5.      Pursuant to 28 U.S.C. § 1446(a), the District and Division where this action is pending is the U.S. District Court for the Southern District of Florida, Miami Division, and Defendant properly seeks to remove this action to this Court.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.  *See* Exhibit "B".

## II.    **<u>DIVERSITY OF CITIZENSHIP EXISTS</u>**

7.      In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See MacGinnitie v. Hobbs Group*, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (providing that citizenship for diversity purposes is determined at the time the suit is filed.).

8.      Plaintiff admits in the Complaint that he is a resident of Florida.  *See* Exhibit "A" at ¶3.

9.      To the contrary, Defendant is not.   For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of Delaware.  *See* Declaration of Suzy Shedden, attached hereto as Exhibit "C" at ¶3.  In addition, Defendant's principal place of business (*i.e.*, its corporate offices and headquarters which house Defendant's executive and administrative functions) is located in Chicago, Illinois.  Shedden Decl. at ¶4.  Thus, Defendant is a citizen of Delaware and Illinois where it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

10.      Defendant is therefore not a citizen of the State of Florida and, in fact, is a citizen of a different State than Plaintiff.

11.      Thus, diversity of citizenship exists between the parties to this action.

### III.    THE   AMOUNT   IN   CONTROVERSY   EXCEEDS   THE   STATUTORY THRESHOLD

12.      Plaintiff states in his Complaint that he seeks to recover economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees.  *See* Wherefore Clauses following ¶¶36 and 47.

13.      In his Complaint, Plaintiff does not specify the exact amount of damages that he seeks, other than his claim that this is an action for damages "which exceeds $15,000.00, exclusive of interest and costs." *See Compl.* ¶ 1.

14.     Where, as here, removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

15.     As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Plaintiff's claims and allegations show that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

16.     Plaintiff's employment with Defendant was terminated on or about October 12, 2018. (*See* Shedden Decl., ¶2).  At the time, Plaintiff earned an average of $1,221.77 per week (*Id*. at ¶2).

17.     In calculating potential lost wages for jurisdictional purposes, it is proper to calculate the figure through the trial date.  *See Kok v. Kadant Black Clawson, Inc.,* 274 F. App'x 856, 857 (11th Cir. 2008); *Leslie v. Conseco Life Ins. Co.,* 11-81035-CIV-MARRA, 2012 U.S. Dist. LEXIS 130508, 2012 WL 4049965 (S.D. Fla. Sept. 13, 2012) (Marra, J.); *Penalver v. N. Elec., Inc., 12-80188- CIV,* 2012 U.S. Dist. LEXIS 53662, 2012 WL 1317621 at *2 (S.D. Fla. Apr. 17, 2012) (Cohn, J.) *Messina v. Chanel, Inc.*, 2011 U.S. Dist. LEXIS 71138 (S.D. Fla. Jul. 1, 2011) (appropriate to calculate lost wages from time of termination through trial date in examining the jurisdictional minimum); *see also Cashman v. Host Int'l, Inc.*, 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back

pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

18.     A reasonable estimate of a trial date would be approximately one year from the date of removal. Thus, from October 12, 2018 (the date Plaintiff's employment approximately ended), through an estimated trial date of August 10, 2020 (one year from the date of removal), Plaintiff has potential unmitigated back pay of at least $115,995.00[3] without any accounting for non-monetary fringe benefits. Thus, the estimated back pay damages alone meet the threshold amount in controversy, exclusive of any other type of damages Plaintiff may arguably be entitled to.

19.     Accordingly, although vigorously contested by Defendant, Plaintiff's suit will more likely than not involve an amount in controversy in excess of $75,000, exclusive of interests and costs.

## IV.     **CONCLUSION**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. § 1441 and 1446 because it is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant, JOHN BEAN TECHNOLOGIES CORPORATION, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to this Court.

---

[3] This figure was calculated as follows: $1,221.00 (Plaintiff's average weekly earnings based on an hourly rate of $30.70) x 95 weeks (the amount of weeks between October 12, 2018 (approximate date of termination) and August 10, 2020 (anticipated trial date)).

5

Dated this 9th day of August 2019.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2550

By: *s/ Patrick G. DeBlasio, III*
    Patrick G. DeBlasio, III
    Florida Bar No. 0871737
    E-Mail: pdeblasio@littler.com
    Secondary: btapia@littler.com
    Stella S. Chu, Esq.
    Florida Bar No. 060519
    Primary E-mail:  sschu@litter.com
    Secondary E-mail:  kljackson@littler.com
    *Attorneys for Defendant*

6