# EXHIBIT A

TO ORDER COPIES OF ANY DOCUMENTS LISTED BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 07/17/2019**

**Current Date:** 8/6/2019

**Source:** 11TH JUDICIAL CIRCUIT, MIAMI-DADE COUNTY, FLORIDA

**DISCLAIMER**

This Data is provided for informational purposes only and it is not the official record. For copies of the official record (of an incarceration, conviction or court filing record) contact the source agency or court. In addition to any obligations under your Subscriber Agreement, your use of this data may be governed by the Supplier Additional Terms (see Footer).

## CASE INFORMATION

| | |
|---|---|
| **Case Title:** | OSCAR ESPINOZA v. JOHN BEAN TECHNOLOGIES CORPORATION |
| **Court:** | 11TH JUDICIAL CIRCUIT, MIAMI-DADE COUNTY |
| **Case Number:** | 2019-019473-CA-01 |
| **State Case Number:** | 132019CA019473000001 |
| **Case Type:** | CIVIL |
| **Case Subtype:** | CIRCUIT CIVIL |
| **Key Nature of Suit:** | Labor & Employment; Discrimination (190.10) |
| **Description:** | DISCRIMINATION - EMPLOYMENT OR OTHER |
| **Date Filed:** | 06/28/2019 |
| **Judge:** | PETER R LOPEZ |
| **Section Code:** | CA10 |

## SYNOPSIS INFORMATION

| | |
|---|---|
| **Allegations:** | In violated FCRA, defendant discriminated against plaintiff on the basis of age and replaced with young employees, terminated from employment, caused damages to the plaintiff. |
| **Damages:** | Compensatory damages, interest, fees and costs. |
| | COMPLAINT (MANUALLY RETRIEVED) |
| |  Original Image of this Document (PDF) |

## PARTICIPANT INFORMATION

**OSCAR ESPINOZA**

| | |
|---|---|
| **Type:** | PLAINTIFF |
| **Address:** | 44 W. FLAGLER ST. # 2200 |
| | MIAMI, FL 33130 |
| **Attorney:** | ERIN L. HANEY |
| **Bar Number:** | 1015865 |

**JOHN BEAN TECHNOLOGIES CORPORATION**

| | |
|---|---|
| **Type:** | DEFENDANT |
| **Address:** | 1200 SOUTH PINE ISLAND RD. |
| | PLANTATION, FL 33324 |

Case 1:19-cv-23348-KMM   Document 1-2   Entered on FLSD Docket 08/09/2019   Page 3 of 17

OSCAR ESPINOZA v. JOHN BEAN TECHNOLOGIES..., 2019-015473-CA-01...

## DOCKET PROCEEDINGS (8)

| Date: | Entry #: | Description: | Date Docketed: | Party: |
|---|---|---|---|---|
| 07/15/2019 | | **Docket Entry:** SERVICE RETURNED **Event Type:** EVENT | | |
| 07/03/2019 | | **Docket Entry:** RECEIPT: **Event Type:** EVENT | | |
| 07/03/2019 | | **Docket Entry:** ESUMMONS 20 DAY ISSUED **Event Type:** EVENT | | |
| 07/03/2019 | | **Docket Entry:** 20 DAY SUMMONS ISSUED **Event Type:** SERVICE | | |
| 07/01/2019 | | **Docket Entry:** (M) 20 DAY (C) SUMMONS (SUB) RECEIVED **Event Type:** EVENT | | |
| 06/29/2019 | | **Docket Entry:** RECEIPT: **Event Type:** EVENT | | |
| 06/28/2019 | | **Docket Entry:** CIVIL COVER **Event Type:** EVENT | | |
| 06/28/2019 | | **Docket Entry:** COMPLAINT **Event Type:** EVENT | | |

TO ORDER COPIES OF ANY DOCUMENTS LISTED ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

---

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

Oscar Espinoza
Plaintiff
   vs.
John Bean Technologies Corporation
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence — other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability — commercial
  - ☐ Premises liability — residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.    REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.    NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

2

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Erin Haney    FL Bar No.: 1015865
Attorney or party                                                          (Bar number, if attorney)

Erin Haney    06/28/2019
(Type or print name)                                                    Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

OSCAR ESPINOZA,

    Plaintiff,

vs.    Case No.

JOHN BEAN TECHNOLOGIES CORPORATION
d/b/a JBT AEROTECH, JETWAY SYSTEMS
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, OSCAR ESPINOZA ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT AEROTECH, JETWAY SYSTEMS, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for discriminatory treatment based on age in violation of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. ("FCRA") and Miami-Dade County Code §§ 11A-26 et seq. ("§ 11A").

2. Jurisdiction is conferred upon this Court pursuant to FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff was an employee as defined pursuant to Miami-Dade County Code §§ 11A-25 et seq.

5. Defendant is a foreign corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has, at all times material hereto,

1

conducted substantial and continuous business within Florida, and is subject to the laws of the United States and the State of Florida.

6. Defendant was an employer as defined pursuant to Miami-Dade County Code §§ 11A-25 et seq.

7. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)).

8. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

9. Plaintiff was an employee covered by the FCRA in that he was subjected to dismissal from employment based on his age.

10. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

11. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

12. Plaintiff filed a timely charge of employment discrimination with the Miami Dade County Commissions of Human Rights, the agency which is responsible for investigating claims of employment discrimination.

13. On or about June 6, 2019, a right to sue was issued by the Miami-Dade Commission on Human Rights.

2

14. Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff worked for Defendant as a Conveyor Mechanic from on or about September of 2007 until on or about October 12, 2018.

16. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of his job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

17. Plaintiff is an individual over the age of forty years old (40) and, thus, falls within the class of individuals protected by the FCRA.

18. Plaintiff was one of the oldest mechanics working in the company.

19. Just prior to Plaintiff's termination, Defendant had been hiring younger mechanics all under the age of forty (40).

20. Plaintiff's supervisor, Jose Almeida ("Mr. Almeida"), requested Plaintiff train all of the new mechanics who, upon information and belief, were in their twenties (20's).

21. On or about September of 2018, Mr. Almeida asked Plaintiff, "until when are you going to work?" This comment was in reference to Plaintiff's age and a suggestion that Plaintiff was too old.

22. On or about October 12, 2018, Plaintiff was terminated for allegedly committing an electrical safety violation. However, these allegations were untrue as Plaintiff does not operate electrical panels.

23. Defendant's reason for terminating Plaintiff is a mere pretext for unlawful discrimination.

24. Upon information and belief, Plaintiff was replaced by a younger employee.

3

<u>COUNT I</u>
*Age Discrimination in Violation of the FCRA against*
*JOHN BEAN TECHNOLOGIES CORPORATION*
*d/b/a JBT AEROTECH, JETWAY SYSTEMS*

25. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 24 above as if set out in full herein.

26. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff is over forty (40) years of age.

27. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

28. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

29. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

30. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

31. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

32. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

33. Defendant's bases for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

4

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Age Discrimination in Violation of the Miami-Dade County Code §§ 11A-26 et seq. against JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT AEROTECH, JETWAY SYSTEMS*

37. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

38. Plaintiff is a member of a protected class under the § 11A, to wit he is over the age of forty (40).

39. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

40. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

41. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

43. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

6

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the § 11A, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 28, 2019.

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd*

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No.: 118315
ns@rgpattorneys.com
Erin L. Haney, Esq.
Florida Bar No.: 1015865
eh@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

OSCAR ESPINOZA,

    Plaintiff,

v.                                      Case No.: 2019-019473-CA-01

JOHN BEAN TECHNOLOGIES CORPORATION
d/b/a JBT AEROTECH, JETWAY SYSTEMS
a Foreign Profit Corporation,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO: JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT AEROTECH, JETWAY SYSTEMS through its Registered Agent:**

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PALNTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET. STE. 2200
        MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                                      DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

OSCAR ESPINOZA,

    Plaintiff,

v.    Case No.: 2019-019473-CA-01

JOHN BEAN TECHNOLOGIES CORPORATION
d/b/a JBT AEROTECH, JETWAY SYSTEMS
a Foreign Profit Corporation,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO: JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT AEROTECH, JETWAY SYSTEMS through its Registered Agent:**

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PALNTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| Harvey Ruvin,<br>Clerk of Courts | 7/3/2019 |
|---|---|
| CLERK | DATE |
| (BY) DEPUTY CLERK | |

## RETURN OF SERVICE

State of Florida           County of DADE                    Circuit Court

Case Number: 2019-019473-CA-01

Plaintiff:
**OSCAR ESPINOZA**

vs.

Defendant:
**JOHN BEAN TECHNOLOGIES CORPORATION D/B/A JBT AEROTECH, JETWAY SYSTEMS**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 10th day of July, 2019 at 2:22 pm to be served on **JOHN BEAN TECHNOLOGIES CORPORATION D/B/A JBT AEROTECH, JETWAY SYSTEMS REG AGENT: CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **11th day of July, 2019** at **12:45 pm, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE OF CT CORPORATION SYSTEM at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324** as registered agent for **JOHN BEAN TECHNOLOGIES CORPORATION D/B/A JBT AEROTECH, JETWAY SYSTEMS REG AGENT: CT CORPORATION SYSTEM,** and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019011125

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c



Filing # 91909783   ed 07/01/2019 10:41:19 AM



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

OSCAR ESPINOZA,

    Plaintiff,

v.                                              Case No.: 2019-019473-CA-01

JOHN BEAN TECHNOLOGIES CORPORATION
d/b/a JBT AEROTECH, JETWAY SYSTEMS
a Foreign Profit Corporation,

    Defendant.

## SUMMONS IN A CIVIL CASE

**TO: JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT AEROTECH, JETWAY SYSTEMS through its Registered Agent:**

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PALNTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, STE. 2200
    MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts                 7/3/2019

CLERK                           DATE

(BY) DEPUTY CLERK